# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| LADONNA PELFREY, | ) |  |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:24-cv-354 |
| v. | ) | |
| | ) | Judge Atchley |
| JAMES GIORDANO, *et al.*, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM OPINION & ORDER

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines that such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2). In addition, the Court will *sua sponte* consider whether it has subject matter jurisdiction over the allegations of the Complaint [Doc. 2]. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (challenge to a federal court's subject-matter jurisdiction may be made at any time and the court should raise the question *sua sponte*) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Plaintiff's Complaint [Doc. 2] is totally implausible and factually frivolous, depriving the Court of subject matter jurisdiction. The deficiencies in the Complaint cannot be cured by amendment, so this action will be **DISMISSED** for lack of subject matter jurisdiction. In the alternative, the Court finds that the Complaint is frivolous and fails to state a claim for relief, requiring dismissal under 28 U.S.C. § 1915(e)(2).

I.  FACTS

This is one of numerous cases filed in this District by Plaintiff Ladonna Pelfrey arising out of her belief that she is being tortured, harassed, sexually abused, and followed by various individuals and Government entities. In most of her cases, she alleges the harm is due to the use of "energy weapons." *See, e.g., Pelfrey v. Department of Energy, et al.*, Case No. 1:25-cv-72.

In the instant action, Plaintiff initiated her case by filing a form Complaint [Doc. 2] on November 5, 2024. For her "short and plain statement of the grounds for filing this case in federal court," Plaintiff states:

> 8th Amendment Article 3, Harassment USC 181514, Stalking 18 USC 2261A, I am being serveillanced 24/7, harassed, with the intent to intimidate, harm, cause emotional distress, injure & kill me.

[Doc. 2 at 1] (errors original). For her statement of claim, she states:

> I Ladonna Pelfrey, am being serveillanced harassed, with intent to intimidate, cause emotional distress & to injure with intent to kill.
> There is a very mean violent hate crime being committed against me.

[*Id.* at 2]. For her relief, Plaintiff requests: "Stop the violent actions against me & me family," and "Pay for pain & suffering." [*Id.* at 3]. There are no other allegations in the Complaint, which names James Giordano, Jay Giordano, and Lynn Rothchild as Defendants. [*Id.*]. Plaintiff also filed a Motion for Leave to Proceed in forma pauperis [Doc. 1], which remains pending.

On April 2, 2025, Plaintiff filed a Supplement, purporting to add Deno Giordano and Carey Leeann Stockholm as Defendants. [Doc. 5]. By this point, Plaintiff had filed at least five more actions in this Court (the "March 7th Cases")[1], and this Supplement was filed in each case. *See, e.g.*, Case No. 1:25-cv-72 [Doc. 8]. No other factual allegations appear in the Supplement.

---

[1] Plaintiff filed five substantially identical complaints on March 7, 2025, opening Case Nos. 1:25-cv-72 to 1:25-cv-76.

Also on April 2, 2025, Plaintiff filed a Notice of Interlocutory Appeal. [Doc. 6]. The notice appears to have been initially filed in *Pelfrey v. United States Department of Energy*, Case No. 1:25-cv-72, on April 2, 2025. [Doc. 9]. It states: "I Ladonna Pelfrey am taking the appeal to the United States Court of Appeal for the 6th Circuit of Ohio and TN. Order entered on 3/7/25." [*Id.*]. The only Orders entered in any of Plaintiff's cases on March 7, 2025, were in Case No. 1:25-cv-72. They were procedural orders entered in every civil case: an Order Governing Depositions [Doc. 4], Order Governing Motions to Dismiss [Doc. 5], and Order Governing Sealing Confidential Information [Doc. 6]. Plaintiff filed the same notice of appeal in all five cases and in the instant case. Despite moving to proceed in forma pauperis in this action, Plaintiff paid the $605 filing fee to appeal in this case and in each of her March 7th Cases.

On May 7, 2025, Plaintiff then filed a "Petition for Writ of Certiorari." [Doc. 9]. The body of the document is as follows: "From the United States Court of Appeals for the 6th Circuit for writ of certiorari to the Surpreme Court of Washington, D.C. & State of Tennessee." [*Id.*] (errors original). This document likewise appears to have been filed in the instant case and all five of the March 7th Cases. There is no text in the document other than the case caption and signature block.

On May 15, 2025, the United States Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal due to lack of jurisdiction. [Doc. 10]. The court noted that no order had been entered on March 7, 2025, and the only order that had been entered in the case at all was a case assignment order. [*Id.*].

Shortly thereafter, Plaintiff filed a Motion for Court Order for Service by Publication [Doc. 12]. Magistrate Judge McCook denied the motion without prejudice because the Complaint had not yet been screened pursuant to 28 U.S.C. § 1915, and the motion to proceed in forma pauperis

remained pending. Plaintiff filed a Response [Doc. 14] to this Order, offering to pay the filing fee and asking the Court to move forward with service of process.

Plaintiff next filed a Letter [Doc. 15], urging that the Constitution takes priority over Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and insisting that the Court has subject matter jurisdiction. She also points to the medical documents and photos provided to the Court as a basis for her claims, though neither were filed in this case. [*Id.*]. She states that she has not been diagnosed with any mental illness and asks the Court to remove that reference from "judgment documents." [*Id.*]. [2] Finally, she asks the Court to move forward with default judgment. [*Id.*]. No motion for default judgment, no medical documents, and no photographs have been filed in this case, and no judgment has been entered. It appears that Plaintiff is referring to one of her other cases, several of which have been dismissed due to lack of subject matter jurisdiction.

Finally, Plaintiff filed what she calls a "Rule 4 Returned Summons" as proof of service on James Giordano. [Doc. 16]. No summonses have been submitted or issued in this case. As Magistrate Judge McCook previously explained, the in forma pauperis action remains pending so no service has issued. [Doc. 13]. The purported proof of service is a photocopy of the front an envelope addressed to the Department of Defense, Attn: James Giordano. [Doc. 16]. The envelope is marked "Return to Sender." [*Id.*].

II.     **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious,

---

[2] In her March 7th Cases, Plaintiff submitted medical records in which her physician noted a history of "altered mental status." *See, e.g.,* Case No. 1:25-cv-72 [Doc. 1 at 19]. Plaintiff appears to be referring to the Court's citation to this document, which she submitted.

fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2).

Moreover, federal courts lack subject matter jurisdiction over complaints that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Under those circumstances, the district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction." *Id.* This authority "is reserved for patently frivolous complaints," not cases where it seems unlikely that the plaintiff can ultimately state a claim under Federal Rule of Civil Procedure 12(b)(6). *Zareck v. Corrections Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020).

The Sixth Circuit has repeatedly confirmed the district court's authority to dismiss such actions *sua sponte* for lack of subject matter jurisdiction. *Cutburth v. United States*, Case No. 22-5159 (6th Cir. Aug. 31, 2022) (unpublished) (affirming dismissal of complaint asserting 9/11 conspiracy theory and finding plaintiff was not entitled to amend); *Bey v. Weisenburger*, No. 23-3689, 2024 WL 3912829 (6th Cir. June 5, 2024) (sovereign citizen allegations in lawsuit against towing company, police officers, prosecutor, and municipal judges arising out of conviction for failure to comply with police orders was properly dismissed *sua sponte*); *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966 (6th Cir. Aug. 2, 2022) (fee-paid complaint against judge who presided over foreclosure action properly dismissed under *Apple v. Glenn*); *Dekoven v. Bell*, 22 F. App'x 496 (6th Cir. 2001) (fee-paid complaint premised on plaintiff's belief that he was the messiah was "delusional" and properly dismissed sua sponte). Even in a fee-paid action, where a complaint is "totally implausible," the plaintiff is not entitled to leave to amend. *See id.*

### III. ANALYSIS

Plaintiff's claims are totally implausible, attenuated, unsubstantial, frivolous, and devoid of merit. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). "A claim is frivolous when it is based on 'fantastic or delusional' factual allegations or on legal theories that are indisputably without merit." *Bartlett v. Kalamazoo Cnty. Comm'y Mental Health Bd.*, No. 18-1319, 2018 WL 4492496, *1 (6th Cir. Aug. 22, 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). Although a pro se litigant is entitled to a liberal construction of her filings, the "standard of review requires more than the bare assertion of legal conclusions, and the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Bartlett*, 2018 WL 4492496 at *1. In *Bartlett*, the Sixth Circuit affirmed dismissal of plaintiff's "far-fetched theories of harm" where her complaint failed to specify "how each named defendant violated her rights under federal law." *Id.* at *2.

Plaintiff claims she is being surveilled and harassed with intent to injure and kill her and claims there is a "very mean violent hate crime" being committed against her. [Doc. 2]. She makes no allegations against any of the named Defendants and does not say what she believes they have done to her. Her purported return of service indicates she believes James Giordano works for the Department of Defense, as she has suggested in her other lawsuits.

"Although these allegations may be real to Plaintiff, a reasonable person would find them to be so delusional as to be wholly incredible." *Valadez v. Whipple*, Misc. No. 7:20-mc-1220, 2021 WL 8016842, *2 (S.D. Tex. Jan. 12, 2021). Courts in this Circuit have dismissed similarly fantastical allegations. *See Dorr v. Unknown Agent of Nat'l Security Agency*, 2018 WL 4214402 (E.D. Mich. Sept. 15, 2018) (dismissing as frivolous plaintiff's allegation that federal agencies intercepted his cell phone, causing him mental distress); *Krusell v. Biden*, 2021 WL 3489613

6

Case 1:24-cv-00354-CEA-JEM Document 17 Filed 06/24/25 Page 6 of 11 PageID #: 35

(W.D. Mich. Aug. 9, 2021) (dismissing as frivolous plaintiff's allegation of medical problems caused by Nazis and a "fungal nanotech virus from DARPA"); *Sorezo v. Smith*, 2023 WL 162196 (E.D. Mich. Jan. 11, 2023) (dismissing as frivolous plaintiff's claim that NASA "invaded his privacy using space technology"); *Valadez*, 2021 WL 8016842 (allegations that DEA agents used "Direct Energy Weapons" against plaintiff were delusional and subject to dismissal); *Bartlett*, 2018 WL 4492496 (affirming dismissal of allegations that plaintiff was raped, molested, tortured, and subjected to "biomedical treatments" and "severe radiation" in a mental health facility). Where, as here, a complaint is "totally implausible," the plaintiff is not entitled to leave to amend. *Cutburth v. United States*, Case No. 22-5159 (6th Cir. Aug. 31, 2022) (unpublished).

The Complaint is also legally frivolous. First, it is not clear what "8th Amendment Article 3" means, but the Court assumes Plaintiff intends to refer to the final clause of the Eighth Amendment. The Eighth Amendment establishes the right to be free from cruel and unusual punishment. *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (abrogated on other grounds as recognized in *Lawler ex rel Lawler v. Hardeman Cnty.,* 93 F.4th 919 (6th Cir. 2024)). "But the Eighth Amendment applies only to those individuals who have been tried, convicted, and sentenced." *Id.* It does not apply to free citizens. Plaintiff's filings make clear she is not currently incarcerated. For example, she lists a personal address. So the Eighth Amendment does not apply, even if Plaintiff had brought her claim under 42 U.S.C. § 1983. Nor has Plaintiff alleged that any Defendant is a state actor.

Next, the Court presumes that "Harassment USC 181514" refers to 18 U.S.C. § 1514. This federal criminal statute allows a Government attorney to obtain a restraining order for the protection of a "victim or witness in a Federal criminal case." 18 U.S.C. § 1514. Plaintiff is, of course, not a Government attorney, nor has she alleged that she is a victim or a witness in a Federal

7

criminal case. Section 1514 "does not confer a private right of action necessary to establish subject-matter jurisdiction over this case." *Holmes v. Horg*, 2025 WL 50622, *3 (E.D. Ca. Jan. 8, 2025).

Finally, 18 U.S.C. § 2261A is a federal stalking statute. "All statutes under Title 18 of the United States Code are criminal laws." *Spitters v. Estate of Spitters*, 2019 WL 13202177, *3 (N.D. Ca. March 6, 2019). This means that while "[t]he government may bring a case against a person for violating these laws," ordinarily an individual plaintiff cannot bring a private action under a criminal statute. *Id.* "Case law is . . . unanimous that no private right of action is available under § 2261A." *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, and Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. Oct. 20, 2016) (collecting cases).

To the extent Plaintiff attempts to raise any other claims, the Court cannot discern what they might be, in part because she makes no allegations whatsoever against any Defendant. And even a pro se litigant "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted . . . right." *Bartlett*, 2018 WL 4492496 (affirming dismissal where complaint failed to specify how each named defendant violated plaintiff's federal rights). Insofar as the Complaint has a factual foundation, it is a totally implausible one, so it cannot be cured by amendment and is insufficient to invoke the subject matter jurisdiction of this Court. The Complaint [Doc. 2] is therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).

In so ruling, the Court notes that the instant Complaint is very like an action the Court dismissed two years ago, for similar reasons. In *Pelfrey v. Giordano, et al.*, Case No. 3:23-cv-31, Plaintiff named two of the same Defendants identified here: Lynn Rothchild and James Giordano. *See id.* [Doc. 2]. As here, she made no factual allegations specific to either Defendant. In that action, she claimed Mr. Giordano was "over DARPA," the Defense Advanced Research Projects

Agency. [*Id.*]. She alleged "unlawful entry into my body with neuro brain technology," which she believed caused her to be sick and in pain. [*Id.*]. The Court explained why the sparse allegations of her Complaint were frivolous and insufficient to state a claim, but gave her an opportunity to amend, which she did not take. [Doc. 7]. The action was dismissed, and she subsequently filed two meritless motions to reopen. *Id.* at [Docs. 11 & 14].

IV. **VEXATIOUS LITIGANT WARNING**

Plaintiff has filed nine lawsuits in this Court arising out of her belief that she is being tortured and/or sexually assaulted by various individuals and Government entities. As the Court has explained, her allegations in each of these actions are related to those the Court found frivolous over two years ago in *Pelfrey v. Giordano, et al.*, Case No. 3:23-cv-31.

Five of these lawsuits are nearly identical and were filed on the same day. *See* Case Nos. 1:25-cv-72 to 1:25-cv-76 (the "March 7th Cases"). She then filed an appeal of a case management order entered in Case No. 1:25-cv-72, but filed that appeal in all five March 7th Cases and the instant case. No appealable order had been entered in any case, so all six appeals were dismissed by the Sixth Circuit for lack of jurisdiction. Despite seeking to proceed *in forma pauperis*, Plaintiff paid the $605 fee to appeal six different cases, including this one.

Plaintiff's filings have required a tremendous amount of the Court's time and attention. She has, moreover, spent a sizable sum bringing duplicative and meritless lawsuits and filing interlocutory appeals where no order has been entered. Her filings do not even attempt to comply with the Court's Local Rules or the Federal Rules of Civil Procedure. For example, she was instructed by the Court that the Complaint must be screened under 28 U.S.C. § 1915 before service of process may issue. [Doc. 13]. She nonetheless filed a "Rule 4 Returned Summons," which is in

9

fact simply an envelope returned to sender. [Doc. 16]. She has not submitted blank summonses for issuance and no summonses have been issued by the Clerk of Court.

Plaintiff has also been repeatedly warned that if she continues to file frivolous complaints and motions, **she will be deemed a vexatious litigant subject to prefiling restrictions**. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) (district courts may properly enjoin vexatious litigants from filing further actions without first obtaining leave of the court). Her most recent Letter [Doc. 15], filed June 23, 2025, strongly suggests she has received at least one of the Orders containing this warning. *See, e.g., Pelfrey v. United States Department of Energy*, Case No. 1:25-cv-72 [Doc. 20] (Order entered June 13, 2025).

The Court again **CAUTIONS** Plaintiff that her continued assertion of factually frivolous and legally baseless contentions, coupled with duplicative and meritless filings, will result in the restriction of her filing abilities in this Court.

Plaintiff is further put **ON NOTICE** that, like all litigants, "[p]arties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." E.D. Tenn. Loc. R. 83.13.

V.      CONCLUSION

The Complaint [Doc. 2] is subject to dismissal without leave to amend pursuant to *Apple v. Glenn* because it lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." 183 F.3d at 480. In the alternative (but for the same reasons), the Complaint [Doc. 2] is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous, fails to state a claim upon which relief may be granted, and the deficiencies of the Complaint cannot be cured by amendment. This action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

10

Case 1:24-cv-00354-CEA-JEM   Document 17   Filed 06/24/25   Page 10 of 11
PageID #: 39

An appropriate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**